IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:22-cv-02743-DDD-KLM

WALTER M. KOLAK,

   Plaintiff,

v.

DENISE BACKERVILLE,
MR. CARTER ARAPAHOE SHERIFF,
ARAPAHOE COUNTY,
ARAPAHOE SHERIFF'S DETENTION FACILITY
CARL ANDERSON ARAPAHOE SHERIFF,
MR. MAYFIELD ARAPAHOE SHERIFF,
MR. DIXON ARAPAHOE SHERIFF,
JANE DOES EMPLOYED AS DEPUTY SHERIFF'S (SHERIFF'S),
JOHN DOE'S EMPLOYED AS DEPUTY SHERIFF'S (SHERIFF'S),
JAMES EDWARDS NURSE PRACTITIONER,
WELLPATH,
HEALTH AND SAFETY OF AMERICA CORPORATION,
JESSICA CRESPO LPN,
MICAH RHOAD RN,
NAVA FLORES, SHANNA LPN,
HENGY, STACIE RN,
AMANDA ARRUJO LPN,
MRS. E. NURSE,
SONOMA RN,
JANE DOE'S EMPLOYED AS MEDICAL PERSONEL,
JOHN DOE'S EMPLOYED AS MEDICAL PERSONEL,

   Defendants.

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before me is the recommendation, Doc. 55, of United States Magistrate Judge Kathryn A. Starnella that I grant the Defendants' motions

- 1 -

to dismiss Plaintiff Walter Kolak's claims. Docs. 33, 43. It is further recommended that I dismiss the claims against the non-moving defendants, and also dismiss all state law claims without prejudice to refiling in state court. Mr. Kolak has filed timely objections. Doc. 59. Because this is a dispositive matter, I review the recommendation de novo and because Mr. Kolak is not represented by an attorney I construe his pleadings liberally, although I cannot act as his advocate or "round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## DISCUSSION

Judge Starnella's Recommendation carefully summarizes the background of this case.[1] The relevant facts occurred in 2019 and early 2020 while Mr. Kolak was in custody in the Arapahoe County Sheriff's Detention Center. He alleges that the Defendants ignored and mistreated a variety of ailments that culminated in a gruesome and painful infection in April and May of 2020 that required hospitalization for more than two weeks. *See* Doc. 10 at 31-36; Doc. 55 at 3-5; Doc. 59-1 at 3-6. The last event Mr. Kolak's amended complaint mentions took place in late May, 2020. Doc. 10 at 36.

**1. Statute of Limitations**

This suit was filed on October 17, 2022, more than two years later. As Judge Starnella explained, this was too late to bring his claims under § 1983: "Because there is no federal statute of limitations for § 1983 and § 1985 actions, Colorado's two-year residual statute of limitations for personal-injury claims applies to those claims." *McDonald v. Citibank*

---

[1] While Mr. Kolak's objection restates much of the factual basis of his suit (including quoting the amended complaint), he does not appear to dispute any material facts as recounted by Judge Starnella. See Docs. 59, 59-1.

*N.A.*, No. 21-1313, 2022 WL 16557957, at *1 n.2 (10th Cir. Nov. 1, 2022); *see also Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (holding the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued). Mr. Kolak's claims accrued by the end of May, 2020, so his suit had to be filed by May, 2022, but was not.

Mr. Kolak's objection is largely a reiteration of his substantive arguments and factual allegations made elsewhere. Doc. 59. It does raise two points that relate to the statute of limitations issue, however. One, he argues that Colorado's two-year limitations period should not be applied here because it would not afford him a reasonable time to file. Doc. 59 at 2 (citing *Burnett v. Grattan*, 468 US 42 (1984)). Two, he argues that the period should be tolled in this case, noting that he "made it clear he intended to sue whoever was in charge" and filed a prior suit that was dismissed without prejudice. *Id.*; *see also* Doc. 59-1 (citing case number 22-cv-00306 in this district court and what I construe as Tenth Circuit case number 22-1139).

Mr. Kolak's first argument can be rejected quickly. First, as noted above and by Judge Starnella, the Tenth Circuit has repeatedly held that Colorado's two-year limitations period is sufficient to satisfy the federal interests of § 1983. *See e.g.*, *Blake v. Dickason*, 997 F.2d 749, 751 (10th 1993) ("We conclude that Colorado's two-year residual statute of limitations comports with all relevant federal interests."); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). This argument is also somewhat refuted by the second argument: that Mr. Kolak did file a suit within two years suggests that period was reasonably sufficient. The two-year period is applicable here.

Mr. Kolak's second point warrants more attention. It does appear that he filed a previous suit relating to at least some of the facts alleged

here against some of the same defendants, including Arapahoe County. *See Kolak v. Arapahoe Cnty*, No. 22-cv-00306-LTB-GPG, 22 WL 3593682 (D. Colo. April 15, 2022); *Kolak v. Arapahoe Cnty*, No. 22-1139, 2022 WL 3592222 (10th Cir. 2022). That case was filed in February 2022, within the two-year limitations period. Judge Starnella did not note this, which is understandable since neither Mr. Kolak nor any defendant had pointed it out during the pendency of this case. Mr. Kolak's operative Amended Complaint (Doc. 10) does not mention it. His initial complaint lists a 2012 Cook County deliberate indifference case that was "settled in favor of plaintiff" in the section asking about previous lawsuits, but does not mention the 22-cv-00306 case. See Doc. 1 at 14. There is, however, a handwritten note at the end of that original complaint that mentions the prior district and circuit court cases, acknowledging that case was "since dismissed without prejudice and informed plaintiff to refile. Doc. 1 at 14. The prior case seems never to have been mentioned since that note until now.

The question then is whether that prior suit changes the application of the statute of limitations to this one. The answer is that it does not. As a fundamental matter, I note that while Mr. Kolak's *pro se* status warrants liberal construction of his pleadings, it does not permit me to excuse him from complying with the procedural rules or substantive law governing cases like this. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants). That includes the statute of limitations. *See Ombe v. Cook*, 861 F. App'x 182 184–85 (10th Cir. 2021). Liberally construed, Mr. Kolak suggests two arguments in response. One is that the running of the statute should be equitably tolled and the other is that this case should relate back to the prior suit. Doc. 59 at 2.

Tolling, whether equitable or statutory does not apply. As to equitable tolling, under Colorado law, this only applies when the defendant's wrongful acts prevented the plaintiff from filing within the appropriate time, or when exceptional circumstances prevented the plaintiff from filing within the statute of limitations. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096–97 (Colo. 1996). Plaintiff does not contend, and it does not appear that, Defendants somehow wrongfully prevented him from filing within the two-year limit. Nor does this situation present the sort of "exceptional" or "extraordinary" circumstances courts have found warrant tolling, such as when a lower court enforced an unconstitutional statute, preventing the plaintiff from filing within the appropriate statute of limitations. *See Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595-97 (9th Cir. 1991). Here, Mr. Kolak's original case was dismissed not because of a court's legal error, but because he "fail[ed] to adequately explain which members of the jail's medical staff he intends to sue." *Kolak v. Arapahoe Cnty*, No. 22-1139, 2022 WL 3592222 at *5 (10th Cir. 2022). But even though that dismissal was without prejudice, which explicitly permitted him to file a new complaint fixing that flaw, *see id.* at n.5, he instead chose to file a new case without proper notice of the previous action.[2]

Mr. Kolak is not the first pro se litigant to go down this road, and the law is clear that tolling does not apply. *See, e.g., Brown v. Shoe*, No. 17-cv-03038-RM-KLM, 2018 WL 3363734 (D. Colo. July 10, 2018) ("[W]hen a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the

---

[2] It is worth noting that this new case further orders efforts by the magistrate judge to get Mr. Kolak to cure similar deficiencies. See Doc. 3.

- 5 -

matter adjudicated, but which was dismissed without prejudice as to him."); *Bynum v. City & Cnty. of Denver*, 550 F. App'x 560, 562 (10th Cir. 2013). Colorado's § 13–80–102 does not permit deducting litigation time from the statute of limitations, even for pro se plaintiffs. *See, e.g., Glaser v. City and County of Denver, Colorado*, 557 F. App'x 689, 699 (10th Cir. 2014) (applying this rule in a *pro se* litigant case). To the extent Mr. Kolak might assert "ignorance of the law," that doesn't support equitable tolling either. *See Ortega-Cadelan v. Langford*, No. 21-3193, 2022 WL 289655, at *1 (10th Cir. Feb. 1, 2022).

Other provisions that allow the filing of a new case to import the original filing date do not apply here. Colo. Rev. Stat. § 13–80–11 gives a plaintiff 90 days from the termination of an original action to file a new case based on the same cause of action, but only where that dismissal was because of lack of jurisdiction or improper venue. Here, Mr. Kolak's prior case was dismissed for failure to comply with Fed. R. Civ. P. 8, not for lack of jurisdiction or improper venue. *See Kolak v. Arapahoe Cnty*, No. 22-1139, 2022 WL 3592222 at *5 (10th Cir. 2022). He had many opportunities to cure his deficiencies in that case, as he has had in this case. And Federal Rule of Civil Procedure 15(c)(1) allows an amended pleading to relate back to the date of the original pleading, but only under specific circumstances that do not exist here. Thus, neither tolling nor relation-back principles can save Mr. Kolak's claim from the statute of limitations. Mr. Kolak's objections on this point are overruled.[3]

---

[3] Judge Starnella explained that the same flaw dooms Mr. Kolak's claims against the rest of the Defendants, even though they have been served and thus did not file any motion to dismiss. Doc. 55 at 8-9. Mr. Kolak does not appear to object to this part of the Recommendation, but even if he had, on *de novo* review it is correct as a matter of law and fact.

### 2. State-Law Claims

As Judge Starnella noted, Mr. Kolak's Amended Complaint is focused largely on federal claims, but he does mention at least one alleged violation of Colorado constitutional law. See Doc. 10 at 12. Judge Starnella again correctly explained why this or any state claim should also be dismissed: Under 28 U.S.C. § 1367(c)(3) a federal court may decline to exercise jurisdiction over such state-law claims if the court has dismissed all federal claims. Indeed, the Tenth Circuit has instructed that courts are to dismiss pendent state law claims "absent compelling reasons to the contrary." *McDonald v. Sch. Dist. No. 1 in the Cnty. of Denver & Colorado*, 83 F. Supp. 3d 1134, 1153 (D. Colo. 2015); *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). There are no such compelling reasons here, so under any standard of review, state law claims also must be dismissed.

## CONCLUSION

Assuming they are true at this stage, Mr. Kolak's allegations paint a troubling picture of his treatment in early 2020. But Mr. Kolak also has failed to follow the procedural and substantive rules controlling when and how legal claims of this sort must be presented in court, so his case must be dismissed.

Accordingly, it is **ORDERED** that:

The Recommendation of United States Magistrate Judge, **Doc. 55**, is **ACCEPTED** and **ADOPTED**;

The Defendants Motions, **Docs. 33 and 43,** are **GRANTED**; and

Plaintiff's federal claims are **DISMISSED with prejudice**[4] and state law claims are **DISMISSED without prejudice** to filing in an appropriate court.

DATED: March 21, 2024                           BY THE COURT:

                                                                Daniel D. Domenico
                                                                United States District Judge

---

[4] Dismissal with prejudice is appropriate when amendment would be futile (as when a claim is barred by a statute of limitations). *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013).